**Nancy L. JONES, Plaintiff,**

v.

**Arthur S. FLEMMING, as Secretary of the Department of Health, Education and Welfare, Defendant.**

**Civ. No. 2693.**

United States District Court
N. D. Indiana,
South Bend Division.
Feb. 17, 1961.

James E. Keating, South Bend, Ind., for plaintiff.

Philip Carlton Potts, Asst. U. S. Atty., South Bend, Ind., for defendant.

GRANT, District Judge.

This is an action brought under the provisions of Title 42 U.S.C.A. § 405(g) to establish the plaintiff's claim for parent's benefits under the Social Security Act, as amended in 1958.

A study of plaintiff's petition and the transcript of the proceedings before the hearing examiner and the Appeals Council reveals that on April 22, 1942, the plaintiff, who is now eighty-seven (87) years of age, was receiving at least one-half of her support from her fully insured daughter, Dorothy Jones, who died on that date. However, the plaintiff failed to file proof of such support within two years of the death of her daughter as required by the Social Security Act. In 1956, Section 202(p) of the Act (42 U.S.C.A. § 402(p)) was amended so as to enable all persons, including the plaintiff, who, prior thereto, had failed to timely file proof of support, to nevertheless receive benefits, providing, however, in the case of the plaintiff, that a claim was perfected within two years after August, 1956.

The amendment provided that:

"In any case in which there is a failure—(to timely file a claim) * * * and it is shown to the satisfaction of the Secretary that there was good cause for failure to file such proof or application * * within such period, such proof or application shall be deemed to have been filed within such period * * or within two years following August 1956, whichever is later."

Owing to the illness of her attorney, plaintiff did not file proof of support within the two year extension ending August 31, 1958, but instead, did not file her application and proof of claim until January 30, 1959. This claim having been denied in the first instance by the Bureau as not timely filed, a hearing having been held and the decision of the Referee denying the claim on the same grounds being affirmed by the Appeals Council, the matter is presently before the Court on the Cross Motions for Summary Judgment filed by both parties.

Plaintiff contends that the January 30, 1959, filing of claim was timely made for the reason that Public Law 85–840, 72 Stat. 1030, Section 304(c), enacted August 28, 1958, provided a second grace period, ending September 30, 1960, within which she could timely file her claim. Section 304(c) of the Act, as amended in 1958, provides as follows:

"Proof of Support in Cases of Deaths Before Effective Date.

"*(c) In the case of any parent who would not be entitled to parent's benefits under section 202(h) of the Social Security Act except for the enactment of this section,* the requirement in such section 202 (h) that proof of support be filed within two years of the date of death of the insured individual referred to therein shall not apply if such proof is filed within the

two-year period beginning with the first day of the month after the month in which this Act is enacted. (Emphasis supplied)."

It is plaintiff's position that inasmuch as she was not entitled to benefits, due to her failure to timely file a claim prior to August 31, 1958, she fulfils the requirement of the italicized portion of section 304(c) above, and is, therefore, entitled to benefits under her January 30, 1959, filing of claim. While this interpretation of section 304(c) is both interesting and novel, it not only ignores both sections 202(h), referred to therein and the whole of section 304, but gives to section 304(c) a strained interpretation, and a meaning and effect wholly out of context and unintended by Congress in its enactment.

What Congress meant and intended by its enactment of Section 304 becomes clear upon close examination of the entire section and comparison and analysis of section 202(h) both at the time of and after its amendment in 1958. The preamendment section 202(h) which sets forth the qualifications necessary to entitle surviving parents to benefits under the Act, provided in pertinent part as follows:

"(h) (1) Every parent (as defined in this subsection) of an individual who died a fully insured individual after 1939, if such individual did not leave a widow who meets the conditions in subsection (e) (1) (D) (E) a widower who meets the conditions in subsection (f) (1) (D), (E) and (F), an unmarried child under the age of eighteen deemed dependent on such individual under subsection (d) (3), (4), or (5), or an unmarried child who has attained the age of eighteen and is under a disability (as defined in section 223(c)) which began before he attained such age and who is deemed dependent on such individual under subsection (d) (6), and if such parent—

"A * * *

"B * * *

"C * * *

"D * * *

"E * * * "

Section 202(h), as above set forth, was amended in 1958 by section 304, and more particularly by subsection (a) thereof. The pertinent parts of section 304 are set forth below in order that subsection (c), quoted earlier, may be seen in its proper context.

"Eligibility for Parent's Insurance Benefits

"Provisions Relating to Eligibility

"Sec. 304(a) (1) So much of section 202(h) (1) of the Social Security Act as precedes subparagraph (A) is amended to read as follows:

"(1) Every parent (as defined in this subsection) of an individual who died a fully insured individual after 1939, if such parent—"

"(2) The amendment made by this subsection shall apply with respect to monthly benefits under section 202 of the Social Security Act for months beginning after the date of enactment of this Act, but only if an application for such benefits is filed on or after such date. * *

"Proof of Support in Cases of Deaths Before Effective Date.

"*(c) In the case of any parent who would not be entitled to parent's benefits under section 202(h) of the Social Security Act except for the enactment of this section,* the requirement in such section 202 (h) that proof of support be filed within two years of the date of death of the insured individual referred to therein shall not apply if such proof is filed within the two-year period beginning with the first day of the month after the month in which this Act is enacted."

From an analysis and study of the above provisions, it becomes readily apparent that Congress meant and intended that Section 304(c), and more particularly the words, " * * * any

parent who would not be entitled to parent's benefits under section 202(h) * * except for the enactment of this section," would entitle those surviving parents who could not previously qualify for "Parent's Insurance Benefits" due to the presence of a widow, widower, or unmarried child, as set forth above, and thus "would not be entitled to parent's benefits under section 202(h)" prior to the 1958 amendment, to now qualify for benefits under the Act by virtue of the amendment to section 202(h) (1) by subsection 304(a), provided they filed the necessary proof of support and claim for benefits within two years after September 1, 1958. Thus, the combined effect of subsections 304(a) and (c) was to entitle any surviving parents who prior thereto were not entitled to receive benefits because of any one or more of the several restrictions existing in pre-amendment section 202(h) (1), to now receive benefits under the Act, even though the normal time for filing proof of support and claim for benefits (two years after the date of death of the insured child) had elapsed at the time of the enactment of the amendment itself, that is, August 28, 1958, provided the necessary proof and claim be filed within two years after September 1, 1958. For example, if the petitioner herein had not been entitled to benefits by virtue of the restrictions in pre-amendment section 202(h) (1), described above, even though her daughter died in 1942, she nevertheless would be entitled to benefits under the Act if she filed proof of support and claim for benefits on or before August 31, 1960. Congress did not intend that section 304(c) operate as a savings clause for those parents who were always entitled to benefits but who, for some reason or other, failed to timely file proof of support and claim for benefits.

From the foregoing it is evident that this Court cannot and will not accept the interpretation urged upon it by the plaintiff, but instead must accept the interpretation, above stated, as being the most consistent with the purpose and effect which Congress intended that it have at the time of its enactment.

Therefore, it is hereby ordered that the plaintiff's Motion for Summary Judgment be, and the same is, hereby denied.

It is further ordered that the defendant's Motion for Summary Judgment be, and the same is, hereby, granted and this cause is hereby dismissed without the imposition of costs.