Mrs. Almeda GRIMSLEY, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 807.

United States District Court
W. D. Virginia,
Abingdon Division.

Sept. 11, 1961.

James R. Edmondson, Abingdon, Va., for plaintiff.

Frank M. McCann, Asst. U. S. Atty., Roanoke, Va., for defendant.

MICHIE, District Judge.

This is an action under section 205(g) of the Social Security Act, as amended (hereinafter referred to as "the Act"), 42 U.S.C.A. § 405(g), which provides for judicial review of a "final decision" of the Secretary of Health, Education and Welfare, consisting, in this case, of a decision rendered on March 25, 1960, by a hearing examiner in the Office of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare, which decision became the "final decision" of the Secretary when the Appeals Council, on July 28, 1960, denied plaintiff's request for review. This decision holds that plaintiff is not entitled to parent's insurance benefits based on the earnings record of Andrew C. Grimsley, the wage earner, who died on February 3, 1947.

Section 202(h) of the Act, 42 U.S.C.A. § 402(h), provides for "parent's insurance benefits" and reads in relevant part:

"(1) Every parent (as defined in this subsection) of an individual who died a fully insured individual, if such parent—

\* \* \* \* \* \*

"(B) (i) was receiving at least one-half of his support from such individual at the time of such individual's death \* \* \* and (ii) filed proof of such support within two years after the date of such death \* \* \*

\* \* \* \* \* \*

30. 26 U.S.C. § 6321.

31. United States v. City of New Britain, Conn., supra.

"shall be entitled to a parent's insurance benefit for each month beginning with the first month after August 1950 in which such parent becomes so entitled to such parent's insurance benefits * * *."

Andrew C. Grimsley, the wage earner, died February 3, 1947, domiciled in Virginia. His mother, the plaintiff, filed an application for parent's insurance benefits with the Bureau of Old-Age and Survivors Insurance on June 24, 1959, alleging therein that she had been receiving at least one-half of her support from the decedent at the time of his death. On June 24, 1959, the plaintiff also filed a "Parent's Certificate of Support". Obviously, the plaintiff's claim was not filed within two years after the date of death of the wage-earner as required by the above quoted portion of § 202(h) to entitle her to receive a parent's insurance benefit.

Section 202(p) of the Act, 42 U.S.C.A. § 402(p), was amended and reenacted in 1956 (70 Stat. 832) and as so amended provides in part as follows:

"In any case in which there is a failure—

"(1) to file proof of support under * * * subparagraph (B) of subsection (h) (1) * * * of this section * * * within the period prescribed by such subparagraph * * *

"and it is shown to the satisfaction of the Secretary that there was good cause for failure to file such proof * * * within such period, such proof * * * shall be deemed to have been filed within such period if it is filed within two years following such period or within two years following August 1956, whichever is later. The determination of what constitutes good cause for purposes of this subsection shall be made in accordance with regulations of the Secretary."

This extended for all claimants the period for filing until August 31, 1958. However, as above noted, the plaintiff did not file until June 24, 1959.

Plaintiff relies, however, upon two subsequent enactments. By section 304(c) of Public Law 85–840, it was enacted that

"(c) In the case of any parent who would not be entitled to parent's benefits under section 202(h) of the Social Security Act except for the enactment of this section, the requirement in such section 202(h) that proof of support be filed within two years of the date of death of the insured individual referred to therein shall not apply if such proof is filed within the two-year period beginning with the first day of the month after the month in which this Act is enacted."

The foregoing was enacted in August 1958 and therefore extended the time for filing a claim until September 1, 1960 in the case of a parent who would not have been entitled to parent's benefits "except for the enactment of this section".

Plaintiff argues that this provision extended the time within which she might file an application to September 1, 1960 and that therefore her filing on June 24, 1959 was in time. A similar provision of section 210(c) of Public Law 86–778 extended the time for filing in the case of a "parent who would not be entitled to parent's insurance benefits under section 202(h) of the Social Security Act except for the enactment of this Act" to October 1, 1962.

It will be noted, however, that these provisions apply only to parents who would not be entitled to parent's benefits under section 202(h) of the Act "except for the enactment of this section" (or "Act" in the case of the 1960 Act). "This section" is section 304 of the 1958 act and the relevant section of the 1960 act in section 210.

Prior to the 1958 amendment, section 202(h) (1) of the Social Security Act excluded from parent's insurance benefits parents, in certain cases, where the de-

ceased children left widows, widowers or certain uninsured children and the effect of the 1958 amendment was to bring certain of such parents within the coverage of the Act. As the time for filing for many of them had already expired before the Act was amended to bring them within its scope, Congress naturally provided an additional two years for filing in the case of individuals who were thus made entitled to parent's benefits for the first time. This it did by the above-quoted section 304(c) of the 1958 Act.

Prior to the 1960 amendment, parent's insurance benefits could be paid only to parents of individuals who had died after 1939. But the 1960 Act struck out the words "after 1939", thus making eligible for benefits parents of individuals who had died prior to 1939. Naturally when the 1960 amendment made eligible for the first time parents of individuals who had died more than 20 years before and who had never filed applications because they were not entitled to anything under the old law, it became necessary, if these people whose rights depended on death so many years before were to receive the benefits intended, that the time for filing be extended. Consequently Congress included in the 1960 Act the provision above referred to which in effect extended to October 1, 1962 the time for filing for parents "who would not be entitled to parent's insurance benefits * * * except for the enactment of this Act".

But there is nothing in either of the 1958 or 1960 amendments which enlarges the rights of individuals who were previously qualified for benefits under the law as it formerly stood but had simply failed to file applications on time. If Congress had intended to extend again the time within which these people could file, it would have done so by clear language as it had done previously in the 1956 act quoted above and not by reference to those "who would not be entitled * * * except for the enactment of this section". These clauses in the 1958 and 1960 Acts were to enable those with newly created rights to exercise them within a reasonable period after their creation and not to extend again the period within which those who had long slept on their rights might exercise them.

Far-fetched as the argument of the plaintiff seems in the light of the express terms of the amendments in question, it has not been put forth in this case for the first time.

In Jones v. Flemming, D.C.N.D.Ind., 191 F.Supp. 612, the same argument was advanced with respect to the 1958 amendment.

The Court in that case, after explaining that the effect of the 1958 amendment was to make many parents eligible for benefits who had never been eligible under the law as it stood before the amendment said at p. 615 of 191 F. Supp.:

> " * * * Thus, the combined effect of subsections 304(a) and (c) was to entitle any surviving parents who prior thereto were not entitled to receive benefits because of any one or more of the several restrictions existing in pre-amendment section 202(h) (1), to now receive benefits under the Act, even though the normal time for filing proof of support and claim for benefits (two years after the date of death of the insured child) had elapsed at the time of the enactment of the amendment itself, that is, August 28, [1959], provided the necessary proof and claim be filed within two years after September 1, 1958. For example, if the petitioner herein had not been entitled to benefits by virtue of the restrictions in pre-amendment section 202(h) (1), described above, even though her daughter died in 1942, she nevertheless would be entitled to benefits under the Act if she filed proof of support and claim for benefits on or before August 31, 1960. Congress did not intend that section 304(c) operate as a savings clause for those parents who were always entitled to benefits but who, for some reason or other, fail-

ed to timely file proof of support and claim for benefits."

Precisely the same reasoning is of course applicable to the 1960 amendment.

It follows therefore that the argument of the plaintiff cannot be sustained and that the decision of the Secretary must be affirmed. The defendant's motion for summary judgment must therefore be granted.

An order will be entered accordingly.